Filed 6/28/22 P. v. Thornton CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MATTHEW DAVID THORNTON,<br><br>    Defendant and Appellant. | F083218<br><br>(Super. Ct. No. F17905508)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County. Heather Mardel Jones, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Peña, J.

Defendant Matthew David Thornton pled guilty pursuant to a plea agreement to assault by means likely to produce great bodily injury by a state prisoner and admitted he had suffered three prior "strike" convictions within the meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[1] The plea agreement indicated the factual basis was entered pursuant to *People v. West*.[2] He was sentenced to a total term of 12 years' imprisonment, including an upper term on count 2. On appeal, defendant contends that his sentence must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b). The People disagree. We conclude that the sentence was not imposed in compliance with section 1170, subdivision (b) but the error was harmless.[3]

## PROCEDURAL SUMMARY

On September 21, 2017, the Fresno County District Attorney filed a criminal complaint, charging defendant with assault by means of force likely to produce great bodily injury by a state prisoner (§ 4501, subd. (b); count 2).[4] The complaint further alleged that defendant had suffered three prior strike convictions. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)

---

[1] All statutory references are to the Penal Code.

[2] *People v. West* (1970) 3 Cal.3d 595. A *West* plea is " 'a plea of nolo contendere, not admitting a factual basis for the plea,' " which "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence." (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)

[3] Throughout our discussion, we refer to section 1170, subdivision (b) "error." However, we note that at the time the trial court sentenced defendant, it correctly applied the then-existing law. Accordingly, while we refer to section 1170, subdivision (b) "error," we are mindful that the trial court complied with the applicable law at the time of sentencing.

[4] Count 1 was alleged only against a codefendant.

2.

On May 25, 2021, pursuant to a negotiated plea agreement, defendant pled guilty on count 2 and admitted the three prior strike convictions. In exchange for his guilty plea, the plea agreement provided a maximum term of imprisonment of 12 years. The plea agreement indicated that the trial court could find a factual basis from the "police/prison reports" pursuant to *West* and the trial court confirmed the *West* plea during the change of plea colloquy.

On June 23, 2021, the trial court struck two of defendant's three prior strike convictions and imposed a 12-year term of imprisonment, consecutive to the term he was already serving, as follows: on count 2, 12 years (the upper term of six years, doubled due to the prior strike conviction).

On August 20, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

Because defendant's plea was entered pursuant to *West*, the trial court relied on the police/prison reports in finding a factual basis. The probation officer summarized the facts of a prison crime report reflecting the offense. In short, defendant was a prisoner in a state prison. He and one other person attacked an inmate. No weapons were used. The attacked inmate suffered an orbital bone fracture.

## DISCUSSION

### I. Senate Bill 567

Defendant contends that we must vacate the sentence and remand the matter because defendant did not admit, and the trial court did not find true, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term. The People agree that Senate Bill 567 is retroactive to defendant but argue that the trial court's imposition of the upper term was consistent with section 1170, subdivision (b) because the trial court appropriately "relied upon [defendant]'s criminal history," which defendant admitted, in imposing the sentence. Alternatively, the People argue that any error in imposition of the upper term is harmless beyond a reasonable

3.

doubt because "[a]t the very least, a jury would have found one of the aggravating factors relied on by the trial court to be true beyond a reasonable doubt." The People are mistaken regarding the relevant standard for harmless error. As we explain below, whether the jury would have found true beyond a reasonable doubt the facts underlying *at least one* of the aggravating circumstances is not the relevant question in this context. Instead, to find that the error was harmless we would have to conclude (1)(a) beyond a reasonable doubt that the jury would have found beyond a reasonable doubt that the facts underlying at least one aggravating circumstance was true, and (1)(b) that there is no reasonable probability the jury would not have found the remaining circumstances true beyond a reasonable doubt, or (2) that there is no reasonable probability the trial court would have imposed a lesser term based on the aggravating circumstances that would have been provable to the jury beyond a reasonable doubt.[5]

For the following reasons, we conclude the sentence does not comply with the requirements of section 1170, subdivision (b), but the error was harmless.

## A. Additional Background

The trial court adopted the probation officer's recommendation regarding the following four circumstances in aggravation and one circumstance in mitigation. In aggravation, the court found:

> "The crime involved great violence, great bodily harm, threat of great bodily harm, or other facts disclosing a high degree of cruelty, viciousness, or callousness.

> "The defendant has engaged in violent conduct which indicates a serious danger to society.

---

[5]    In order to reach the second step, the reviewing court must conclude beyond a reasonable doubt that the jury would have found at least one aggravating circumstance true beyond a reasonable doubt. Otherwise, the sentence violates the Sixth Amendment.

"The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness.

"The defendant has served a prior prison term."

In mitigation, the court found: "The defendant voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process."

The trial court summarized its assessment of those circumstances as follows:

"So at this time the Court has reviewed the sentencing report. I've reviewed the summary of the facts. I've reviewed and note that defendant has no prior juvenile criminal history. I've reviewed defendant's prior adult criminal history; while it's short, it's serious. … The Court considered California Rule of Court 4.420, 4.421, circumstances and aggravation, and will note the crime involved great violence, great bodily harm, or other facts which demonstrate a high degree of cruelty, viciousness, and callousness, and that defendant himself has in this case—but more importantly in his prior criminal history engaged in violence and is a danger to society. His prior convictions as an adult are becoming numerous and are of equal or increasing seriousness and he has served—in fact, currently serving a prior prison term. The Court considered California Rule of Court 4.423, circumstances and mitigation, and will note he voluntarily acknowledged wrongdoing at an early stage of the criminal process, that is pre-prelim."

In light of the identified circumstances in aggravation and in mitigation, the trial court imposed the upper term on count 2.

**B. Analysis**

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding

the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

As a threshold matter, the parties agree, as do we, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]) and defendant's sentence is not yet final on appeal.

In this case, as to the first circumstance in aggravation found true by the trial court, that "the crime involved great violence, great bodily harm, or other facts which demonstrate a high degree of cruelty, viciousness, and callousness," no jury made a finding and defendant entered no stipulation.[6] As to the second and third circumstances—defendant's history of violent conduct and that defendant's prior convictions were numerous or increasing in severity—defendant admitted that he had suffered prior strike convictions for robbery, attempted murder, and assault with a deadly weapon. Those admitted convictions were defendant's only violent prior convictions. The facts underlying the second and third aggravating factors were stipulated to by defendant. Finally, as to the fourth circumstance in aggravation—defendant's having served a prior prison term—in pleading guilty to assault likely to cause great bodily

---

[6] The trial court's discussion of that aggravating factor did not include whether defendant's conduct included a threat of great bodily injury, a fact that was necessarily implied in defendant's guilty plea to count 2—assault "by means of force likely to produce great bodily injury …." (§ 4501, subd. (b).) Instead, the trial court placed emphasis on the actual injury inflicted. The actual injury inflicted was not necessarily implied in the conviction and was not admitted by defendant as a result of the *West* plea.

injury *while confined in the state prison*, defendant necessarily admitted that he was serving or had served a state prison sentence.[7] Despite one of the aggravating circumstances not having been proved in compliance with section 1170, subdivision (b)(2) and (b)(3), the upper term was nevertheless imposed on count 2. Imposition of the upper term on count 2 is not in compliance with section 1170, subdivision (b). Therefore, unless imposition of the upper term on count 2 was harmless, the sentence must be vacated and the matter must be remanded to the trial court for resentencing in compliance with section 1170, subdivision (b).

The People contend that any error is harmless because, "[a]t the very least, a jury would have found one of the aggravating factors relied on by the trial court true beyond a reasonable doubt." For that proposition, they rely on *People v. Flores* (2022) 75 Cal.App.5th 495 (*Flores*), which applied the harmless-beyond-a-reasonable-doubt standard of harmless error from *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*) as adapted to the context of violations of the Sixth Amendment right to a jury trial on aggravating circumstances by *People v. Sandoval* (2007) 41 Cal.4th 825, 838–839 (*Sandoval*).[8] (*Flores*, at pp. 500–501.) *Flores* articulated the harmless error standard in the Senate Bill 567 error context as follows: " '[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard,

---

[7] Defendant appears to argue that because he entered his plea pursuant to *West*, the trial court could not consider the fact that he was serving a prison term from his plea despite it being an element of the offense. He is mistaken. While a *West* plea allows a defendant not to admit a factual basis for the offense, all of the elements of the offense are treated as proved. (*People v. Bradford* (1997) 15 Cal.4th 1229, 1374–1375; *People v. Rauen*, *supra*, 201 Cal.App.4th at pp. 425–426.)

[8] *Sandoval*, as we explain in more detail below, considered the standard for harmless error in the context of *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) error—where a sentence in excess of the statutory maximum sentence was imposed under California's former determinate sentencing law without submitting the facts authorizing such a sentence to a jury.

unquestionably would have found true *at least a single aggravating circumstance* had it been submitted to the jury,' the error is harmless." (*Flores*, at p. 500, italics added.) We respectfully disagree with the People and *Flores* that *Sandoval* applies in this context. A reviewing court concluding beyond a reasonable doubt that the jury would have the facts underlying *a single circumstance in aggravation* true beyond a reasonable doubt is insufficient to conclude that any error under section 1170, subdivision (b) was harmless.

To explain our disagreement with *Flores*, we consider the origin of the harmless error standard it applied. In *Cunningham*, the Supreme Court held that California's determinate sentencing law (as it existed from 1977 to 2007) violated the Sixth Amendment right to a jury trial because it permitted a trial judge to determine facts (other than a prior conviction) that would allow imposition of a sentence in excess of the statutory maximum.**9** (*Cunningham*, *supra*, 549 U.S. at pp. 275–276.) As *Cunningham* explained, the Supreme Court had long held that any fact that permitted imposition of a sentence beyond the statutory maximum had to be proved to a jury beyond a reasonable doubt. (*Id.* at p. 281.) Under the California determinate sentencing law, a statutory presumption existed that " '[t]he middle term [would] be selected unless imposition of the upper or lower term [was] justified by circumstances in aggravation or mitigation.' " (*Id.* at p. 278.) Under the then-existing statutory scheme, those circumstances in aggravation or mitigation—and the underlying facts related to those circumstances— were to be determined by the trial court, not the jury. (*Ibid.*) The Supreme Court therefore determined that the imposition of an upper term without having the facts underlying the aggravating circumstances proved to a jury beyond a reasonable doubt violated the Sixth Amendment. (*Id.* at p. 293.)

---

**9**     In the Sixth Amendment context, the statutory maximum " 'is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.' " (*Cunningham*, *supra*, 549 U.S. at p. 275.)

In *Sandoval*, our Supreme Court considered whether an upper-term sentence imposed pursuant to the pre-*Cunningham* determinate sentencing law—i.e., imposed based on judicial findings of fact on circumstances in aggravation—was harmless error under the Sixth Amendment. (*Sandoval*, *supra*, 41 Cal.4th at p. 837.) It explained that the trial court had relied upon multiple aggravating circumstances, none of which had been proved to a jury, admitted by the defendant, or based on the fact of a prior conviction. (*Id.* at pp. 837–838.) The upper-term sentence therefore violated the defendant's Sixth Amendment rights under *Cunningham*. The *Sandoval* court then considered whether the violation was harmless. To that end, it articulated the following standard: "if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury, the Sixth Amendment error properly may be found harmless." (*Sandoval*, at p. 839.) In the Sixth Amendment context, the issue was whether the "defendant [was] *eligible* for the upper term …"; the trial court's consideration of additional circumstances not proved to a jury was not a federal constitutional question. (*Sandoval*, at p. 839.)

As noted, in *Flores*, the Court of Appeal for the First District, Division Three extended the standard for harmless error applied in the Sixth Amendment context in *Sandoval* to section 1170, subdivision (b)(2) error.[10] (*Flores*, *supra*, 75 Cal.App.5th at pp. 500–501.) The Court of Appeal for the Fourth District, Division One disagreed with *Flores* on that point. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 465–468, fn. 11 (*Lopez*).)

The court in *Lopez* agreed with *Flores* that section 1170, subdivision (b)(2) error is subject to a harmless error analysis: "where a sentencing factor must be found true by a

---

**10**     The *Flores* court did not explain why it concluded that the harmless error test applied in *Sandoval* applies in this context.

9.

jury beyond a reasonable doubt and the court fails to submit that factor to the jury, the error in the court's reliance on that fact may be subject to harmless error review as to whether the lack of a finding by the jury was prejudicial." (*Lopez, supra*, 78 Cal.App.5th at p. 465.) But *Lopez* disagreed with *Flores* on the correct standard for harmlessness. Instead of the *Sandoval* harmless error standard, the *Lopez* court applied the following two-part standard for harmlessness: First, "[i]n order to conclude that the trial court's reliance on improper factors that were not found true by a jury[,] … admitted by [the defendant, or based on certified records of conviction] was not prejudicial, [the reviewing court] would have to conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt *every factor on which the court relied*, because the amended statute requires that every factor on which a court intends to rely in imposing an upper term, with the exception of factors related to a defendant's prior conviction(s), have been admitted by the defendant or proven to a jury (see § 1170, subd. (b))." (*Lopez*, at pp. 465–466.) According to *Lopez*, if that conclusion is made, the defendant has suffered no prejudice. (*Id*. at p. 467 & fn. 11.) If not, the reviewing court "then consider[s] the second question, which is whether [it] can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836 [(*Watson*)], that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating factors, rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Lopez*, at p. 467, fn. 11.)

*Lopez* reasoned it is not enough that the reviewing court conclude that a trial court was *permitted* to impose the upper term because the jury would have found true a single aggravating circumstance beyond a reasonable doubt; whether the trial court *could have* imposed the upper term did not completely resolve the issue. (*Lopez, supra*, 78

10.

Cal.App.5th at p. 467.)  Instead, when a reviewing court concludes beyond a reasonable doubt that a jury would have found true fewer than all the aggravating circumstances beyond a reasonable doubt, it must still ask whether it is reasonably probable the trial court "*would have exercised its discretion*" to impose a sentence less than the upper term in the absence of the unproved aggravating circumstance(s).  (*Ibid.*)

We agree with the *Lopez* court that a reviewing court finding beyond a reasonable doubt that the jury would have found a single aggravating circumstance true beyond a reasonable doubt is insufficient to conclude that the error was harmless.  In other words, we disagree with *Flores* that *Sandoval* is applicable in this context.  We further agree that the second step of the *Lopez* analysis—considering whether the trial court would have imposed a lesser term in absence of the aggravating circumstances not provable on the record before the reviewing court—is necessary.  To find that section 1170, subdivision (b) error is harmless when fewer than all of the circumstances relied upon by the trial court could have been proved to the jury, we must determine whether the trial court would nevertheless have imposed the upper term based on the remaining aggravating circumstances.

Despite our agreement with *Lopez* on the majority of the standard it articulated, we are unconvinced that the *Chapman* standard of harmless error—applicable to errors implicating federal constitutional rights—must be applied to *all* aggravating circumstances in the *Lopez* court's first step.  *Lopez* does not provide a clear explanation for why the *Chapman* standard for harmless error applies to all aggravating circumstances.  Indeed, the only citation that the *Lopez* court provides for the proposition that *Chapman* applies to every circumstance is citation to section 1170, subdivision (b), itself.  While *Sandoval* directs that at least one aggravating circumstance must be proved to the *Chapman* harmless error standard to satisfy the Sixth Amendment (i.e., for it to be *permissible* for the trial court to impose the upper term consistent with the Sixth Amendment), ordinary errors of state law are subject to review pursuant to *Watson*,

11.

*supra*, 46 Cal.2d 818.[11]  (*People v. Breverman* (1998) 19 Cal.4th 142, 171 [when a state statutory right to a jury determination is violated, such error "is state law error alone, and thus subject, under article VI, section 13 of the California Constitution, to the *Watson* harmless error test"; "the state-created right to jury determination" does not implicate federal due process interests].)

We note that the *Chapman* standard of harmless error is compelled when an element of an offense or a sentencing factor necessary to impose a sentence above the statutory maximum is not presented to the jury.  (*Washington v. Recuenco* (2006) 548 U.S. 212, 220 [firearm enhancement sentencing factor harmless error is decided pursuant to *Chapman*]; *People v. French* (2008) 43 Cal.4th 36, 52–53 [applying only *Chapman* where the trial court imposed the upper term based on *one* aggravating circumstance and that circumstance was not proved to the jury].)  A fact that is *necessary* to impose a sentence above the statutory maximum must be proved to a jury beyond a reasonable doubt.  However, as *Sandoval* has made clear, when multiple aggravating circumstances not proved to the jury are relied upon by a trial court in imposing the upper term, the reviewing court must only conclude beyond a reasonable doubt that *one* of those circumstances would have been found true by the jury beyond a reasonable doubt to avoid offending the Sixth Amendment.  (*Sandoval*, *supra*, 41 Cal.4th at p. 839 [so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to

---

[11]     The test under *Watson* is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error."  (*Watson*, *supra*, 46 Cal.2d at p. 836.)  In this context, the question for the reviewing court would be whether there is a reasonable probability that the trial court would not have found the aggravating circumstance(s) true beyond a reasonable doubt.

select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury].) Accordingly, one aggravating circumstance must be reviewed pursuant to *Chapman*, but the remaining aggravating circumstances involve only a state-created right to a jury trial that must be reviewed pursuant to *Watson*.

In sum, we think the correct standard for harmless error lies between the standards articulated in *Flores* and *Lopez*; *Flores* sets too low a standard for harmlessness and *Lopez* too high. We instead apply a version of the standard articulated in *Lopez*, modified to incorporate *Watson* in the first step: The reviewing court determines (1)(a) beyond a reasonable doubt whether the jury would have found one aggravating circumstance true beyond a reasonable doubt and (1)(b) whether there is a reasonable probability that the jury would have found any remaining aggravating circumstance(s) true beyond a reasonable doubt. If the aggravating circumstances would have been proved to the respective standards, any error was harmless. If not, we move to the second step of *Lopez*, (2) whether there is a reasonable probability that the trial court would have imposed a sentence other than the upper term in light of the aggravating circumstances provable from the record as determined in the prior steps. If the answer is no, the error was harmless. If the answer is yes, we vacate the sentence and remand for resentencing consistent with section 1170, subdivision (b).

With that standard in mind, we revisit the aggravating circumstances relied upon by the trial court. Because the second, third, and fourth aggravating circumstances were found in compliance with section 1170, subdivision (b), we focus on the first circumstance. First, the trial court relied upon the finding that the offense involved great violence, great bodily harm, or other facts which demonstrate a high degree of cruelty, viciousness, and callousness. As noted above, the facts underlying the offense were not admitted or proved. The record contains no testimony regarding the offense. Even assuming the facts summarized in the probation report are true—defendant and another

person attacked an inmate, fracturing his orbital bone—we conclude that there is a reasonable probability that the jury would not find beyond a reasonable doubt that defendant's part in the offense reflected his personal use of great violence, infliction of great bodily harm, or a high degree of cruelty, viciousness, or callousness.

While we found that the second, third, and fourth aggravating circumstances were all proved in compliance with section 1170, subdivision (b), even if they were not, they are all questions of historical fact provable from a certified record of conviction. Moreover, defendant's convictions are reflected in the probation report, to which defendant made no objection. There is no logical reason that defendant would not have challenged the accuracy of those prior convictions if not true. Indeed, as noted, defendant admitted three prior strike convictions which comprised most of his criminal history (and all of his violent offenses). We would therefore conclude beyond a reasonable doubt that the jury would have found true beyond a reasonable doubt that defendant had engaged in violent conduct. We further conclude that there is no reasonable probability[12] that the jury would not have found true beyond a reasonable doubt that defendant had numerous and/or increasing serious prior convictions and had served a prior prison term.[13] (See *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions are numerous].)

The trial court found true one circumstance in mitigation, and as discussed above, the jury would have found true at least three of four aggravating circumstances beyond a reasonable doubt. In light of the aggravating circumstances the jury would have found true beyond a reasonable doubt, we conclude that the error in not presenting facts underlying those circumstances to the jury was harmless. In imposing the upper term, the

---

[12]     We would reach the same conclusion if we applied the *Chapman* standard.

[13]     We note that defendant's criminal history did not need to be proved to a jury. The trial court could instead have relied upon a certified record of conviction for those offenses. (§ 1170, subd. (b)(3).)

14.

trial court emphasized that "more important[]" than the violence of his present offense (the factor we cannot conclude the jury would have found) were his history of violence and the increasing seriousness of his offenses. Based on the trial court's comments, its imposition of the upper term was based primarily on defendant's violent and serious criminal history. In light of that record, we must conclude that there is no reasonable possibility that the trial court would have imposed a term less than the upper term if it had not considered the great violence, infliction of great bodily harm, or high degree of cruelty, viciousness, or callousness involved in the present offense. The error was harmless.

## DISPOSITION

The judgment is affirmed.